# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TROY MITCHELL**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:17cv340 |
| ) | **Electronic Filing** |
| **GEORGE GOBEL**, in his individual ) | |
| capacity, **J. JASON ELASH**, in his ) | |
| individual capacity, **LIBERTY** ) | |
| **BOROUGH**, and **SOUTH ALLEGHENY** ) | |
| **SCHOOL DISTRICT,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

AND NOW, this 26th day of March, 2019, for the reasons set forth in [38] the opinion filed on March 28, 2018, as augmented below, IT IS ORDERED that [60] and [62] defendants' motions to dismiss be, and the same hereby are, granted and all claims against all defendants are dismissed with prejudice. Final Judgment in form of the dismissal of plaintiff's claims will be entered and the Clerk of Court will be directed to close this case.

Plaintiff woefully has failed to cure the myriad of deficiencies leading to the issuance of [39] the Order of March 28, 2018, dismissing all counts of his original complaint. Those counts consisted of a claim for violation of his First Amendment right of freedom of expression against Gobel and the borough (Count I), a claim for conspiracy in violation of § 1983 against Gobel and Elash (Count II) and a claim of retaliation in violation of the First Amendment against Gobel, the borough and the district (Count III). Counts I and II were dismissed with prejudice. See [39] Order of March 28, 2018. Plaintiff was granted leave to amend Count III in order to afford him the opportunity to cure the deficiencies in his failure to promote claim against Gobel and the

borough. This aspect of Count III was predicated on the contention that plaintiff was not promoted within the police department due to his failure to heed Solicitor Gobel's politically-motivated demands that plaintiff withdraw from the race for a local school board position.

In an effort to cure plaintiff has dropped Count II in his original complaint and reframed Counts I and III (which is now presented as Count II). He has added the following allegations:

1. "Defendant(s), Jane and/or John Doe, unknown in name and number, were . . . council members of Defendant Borough" who "voted to approve the promotions of Officers Johnson and Byers, instead of Plaintiff, to further Defendant Gobel's political objectives. Second Amended Complaint at ¶¶ 9, 45;

2. Chief Rilley stated, on an occasion separate from his remark that plaintiff should not have burned his bridges, that he (Chief Rilley) had heard Defendant Gobel declare that he would "get even" with the Plaintiff." Id. at ¶ 51;

3. "Officers Johnson and Byers both indicated to the Plaintiff that they knew why they had been promoted over the Plaintiff [and] Plaintiff understood these remarks to refer to his interactions with Defendant Gobel and his refusal to withdraw from the race for school director of the District." Id. at ¶¶ 52-53.

He also added the following to his long list of beliefs:

1. "Defendants Gobel and Jane and/or John Doe acted in conspiracy with each other to retaliate against the Plaintiff for engaging in a constitutionally protected activity, to wit, participating in the electoral process."

Id. at ¶ 54.[1]

In dismissing Counts I and II of the original complaint with prejudice, this court held 1) "the events that plaintiff identifies as interfering with his run for political office are all matters which were proper courses of conduct for those involved [and none] of the events constituted materially adverse actions that hindered or otherwise affected plaintiff's campaign," thus warranting the dismissal of his claim for interference with his First Amendment freedom of expression claim against all defendants; and 2) plaintiff had failed to show that Gobel has taken action under color of state law that constituted adverse action against plaintiff. See generally March 28, 2018, Opinion. As to this latter point, the court opined:

> Here, the complaint is bereft of factual allegations that support an agreement between Gobel and a majority of borough council to vote on the promotions of Johnson and Byers in order to effectuate Gobel's motive of retaliation. Turning to the specific averments, the only averment is that Gobel used his power and influence to produce such a result. This averment is nothing more than a legal conclusion. Thus, it is not entitled to a presumption of fact. Connelly, 809 F.3d 789 (Of course, "the clearest indication that an allegation is conclusory and unworthy of weight in analyzing the sufficiency of a complaint is that it embodies a legal point.") (citing Peñalbert–Rosa v. Fortuño–Burset, 631 F.3d 592, 595 (1st Cir. 2011)).
>
> Beyond the above referenced legal conclusion, plaintiff's complaint is remarkable for what it fails to contain. The individual borough council members who joined forces with Gobel to effectuate his illegal motive of retaliation are not named as defendants. The specific conduct of such individuals that will support an inference that they knowingly joined in Gobel's plan to inflict punishment on plaintiff has not been identified. The basic steps about how the purported illegal agreement was carried into practice have not been alleged. And so on and so forth.

Id. at 23-24. It also dismissed any claim against the borough and in doing so observed that "[w]hile the record will support the inference that Gobel harbored animus toward plaintiff

---

[1] A list of at least 13 other beliefs plaintiff formed was highlighted in the March 28, 2018, opinion at pages 6-7.

for not withdrawing from the race, there is nothing to show that any such animus was brought into play in the police force matters before borough council and/or that such animus was a but for cause of council's votes in promoting Johnson and Byers. Without sufficient factual averments to support such a showing, plaintiff cannot proceed with a Monnell claim against the borough because it would at most amount to vicarious liability." Id. at 25.

The meager additions to the Second Amended Complaint have added nothing to cure the deficiencies leading to the March 28, 2018, opinion and order of dismissal. Once again, plaintiff has adduced no historical facts which give rise to a reasonable inference that a majority of the voting borough council promoted Johnson and Byers instead of plaintiff to effectuate Gobel's political motives. And whatever else Twomby and Iqbal establish, they prohibit the advancement of a lawsuit based on mere personal beliefs grounded in little more than conjecture and supposition. Consequently, the claims in plaintiff's Second Amended Complaint have been dismissed.

                                                          s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: Joel S. Sansone, Esquire
     Elizabeth Tuttle, Esquire
     Danielle M. Vugrinovich, Esquire
     Estell K. McGrath, Esquire
     April L. Cressler, Esquire
     Paul Alexander Custer, Esquire
     Timothy R. Smith, Esquire

     (*Via CM/ECF Electronic Mail*)